UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

SCOTT FOSTER,
individually and on behalf of all
others similarly situated,     **CLASS ACTION**

    Plaintiff,     **JURY TRIAL DEMANDED**

v.

OFF LEASE ONLY, INC., a Florida
corporation,

Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Scott Foster, brings this class action against Defendant, Off Lease Only, Inc. ("OLO"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.  This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2.  In 2017, the Federal Trade Commission ("FTC") received 7,157,370 consumer complaints regarding unsolicited "robocalls," *an increase of almost 2 million from the prior year.*[1] Despite efforts by the FTC, the Federal Communications Commission ("FCC"), and even telephone carriers, unscrupulous companies continue to violate the TCPA because they are simply

---

[1] *See* https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/national-do-not-call-registry-data-book-fy-2; (last accessed on January 9, 2018).

unable to resist the temptation of exploiting a direct line of communication to new consumers in order to increase their profits.

3. Such was the case here. Despite having been previously sued for violating the TCPA[2], Defendant continues to send automatically dialed text messages and placing automated telephone calls to consumers, including Plaintiff and members of the class, without obtaining prior express consent to do so.

4. These calls were placed using mass-automated technology through a third-party company hired by Defendant to call and send text messages on Defendant's behalf *en masse*.

5. Defendant *willfully* placed or caused to be placed calls and sent or caused to be sent automated text messages in violation of the TCPA.

6. In sum, Defendant knowingly and willfully violated the TCPA, causing injuries to Plaintiff and the members of the putative class, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

7. Through this putative class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a nationwide class, which will result in at least one class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each call (text message) in violation of the TCPA, which,

---

[2] *See Mohamed v. Off Lease Only Inc.*, 1:15-cv-23352-MGC (S.D. Fla.), filed on September 4, 2015.

when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

9. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which they are subject to the court's personal jurisdiction.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of North Carolina.

11. Defendant, Off Lease Only, Inc. ("OLO"), is a Florida corporation whose principal office is located at 3531 Lake Worth Road, Lake Worth, FL 33460 and whose registered agent for service of process in the State of Florida is Ejola Cook, Esq., 827 South State Road 7 North Lauderdale, FL 33068.

## THE TCPA

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

14. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

15. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17. A text message does not need to be advertisement to violate the TCPA. The TCPA does not regulate content. Instead, it regulates context-the time, place, or manner of communication. *De Los Santos v. Millward Brown, Inc.*, 13-cv-80670-KAM (June 30, 2014).

18. The FCC specifically ruled that a consumer's prior express consent to receive future text messages may be revoked. *In re SoundBite Communications, Inc., --- FCC Red. ----*, No. 02-278, 2012 WL 5986338 (Nov. 29, 2012).

19. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, a defendant must demonstrate that it obtained the plaintiff's prior express consent. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

20. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

21. The FCC also held that the TCPA "requires the consent not of the intended recipient

of a call, but of the current subscriber"—essentially holding companies liable for making a wrong number call or text to a cell phone when the company did not know that it was not reaching the "intended recipient" of the call. *In re Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999 (2015).

22. "[W]hen a caller chooses to make robocalls to a wireless number that may have been reassigned, it is the caller—and not the wireless recipient of the call—who bears the risk that the call was made without the prior express consent required under the statute." *Id.* at 8010 n. 312; *see also Nunes v. Twitter, Inc.*, 194 F. Supp. 3d 959, 965 (N.D. Cal. 2016).

23. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## BACKGROUND FACTS

24. Plaintiff is the subscriber and sole user of the AT&T monthly prepaid plan for the telephone number \*\*\*-\*\*\*-1838.

25. Starting on or around July 7 2017, Plaintiff began receiving unsolicited text messages from OLO.

26. The following are screenshots of some of the text messages sent by Defendant:

  

27. Plaintiff has never conducted any business with Defendant, and never provided his express consent to Defendant to contact him using automated text messages.

28. Upon information and belief, OLO uses equipment which constitutes an automatic telephone dialing system within the scope of the TCPA. Defendant's equipment has the capacity to dial numbers sequentially from a list of numbers delivering text messages and placing calls to multiple individuals. Plaintiff received identical messages that suggest the use of an automated system which is programmed to send text messages and is not monitored by a live person.

29. On November 28, 2017, Plaintiff contacted an OLO's representative with regard to the text messages he had been receiving. Plaintiff continued further communications both via email and through the phone. During this time, Plaintiff had contacts with at least two different representatives of Defendant. Each time, Plaintiff received different explanations as to why OLO

was placing calls to his telephone number.

30. Even after Plaintiff's first email to OLO communicating that he did not wish to receive the text messages, Defendant placed at least two more automated telephone calls and one automated text message to Plaintiff's cellular phone number.

31. Notwithstanding Plaintiff's clear communication to stop calling his number, Defendant kept calling and sending text messages to Plaintiff's number.

## **CLASS ALLEGATIONS**

### *Proposed Class*

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

33. Plaintiff brings this case on behalf of the following Classes:

*No Express consent Class*. All persons within the United States (i) to whom Defendant, directly or through a vendor, (ii) made a call or sent a text message to their cellular phone (iii) using the same or similar system that was used to call Plaintiff (iv) within the four years prior to the filing of this Complaint; (v) without emergency purpose; and (vi) without the recipient's prior express consent.

*Do Not Call Class*. (i) All persons within the United States (ii) to whom Defendant, directly or through a vendor, (iii) made more than one call or sent more than one text message to their telephone (iv) within a twelve month period (v) within the four years prior to the filing of the original Complaint, (vi) where Defendant or a vendor's records show the person previously stated that he or she did not wish to received telephone calls from or on behalf of Defendant.

*Recycled Number Class*. Plaintiff alleges a subclass of members of the above classes who were called or sent text messages one or more times due to a mistake because their phone number previously belonged to another person.

34. Plaintiff is a member of all classes.

35. Defendant and its employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Classes.

Plaintiff does not know the number of members in the Classes, but believes the Class members number in the thousands, if not more.

### *Numerosity*

36. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of each Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### *Common Questions of Law and Fact*

38. There are numerous questions of law and fact common to each Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

   b) Whether any of such calls were made to persons whose cellular telephone number is listed on the national do-not-call registry of persons who do not wish to receive telephone solicitations.

   c) Whether any of such calls were made to persons who previously indicated that they did not wish to receive Defendant's telephone calls and text messages.

   d) Whether Defendant can meet its burden of showing that they obtained prior express consent to make such calls;

e) Whether Defendant's conduct was knowing and willful;

f) Whether Defendant is liable for damages, and the amount of such damages; and

g) Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *Typicality*

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *Protecting the Interests of the Class Members*

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of both Classes, and has retained competent counsel to assist in doing so. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### *Superiority*

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes are economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

44. Plaintiff re-alleges and incorporates all previous paragraphs as if fully set forth herein.

45. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

46. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

47. Defendant – or third parties directed by Defendant– used equipment having the capacity to dial numbers without human intervention to make telephone calls and send text messages to the cellular telephones of Plaintiff and the other members of the Class defined above.

48. These calls were made without regard to whether Defendant had first obtained express written consent to make such calls. In fact, Defendant did not have prior express consent

to call and send messages to the cell phones of Plaintiff and Class Members when the subject calls were made.

49. Defendant therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

51. Plaintiff re-alleges and incorporates all previous paragraphs as if fully set forth herein.

52. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

53. Defendant knew that it did not have prior express consent to send these text messages.

54. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls and messages to their cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

55. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the applicable rules promulgated thereunder;

b) A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the applicable rules promulgated thereunder were willful and knowing;

c) An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d) An award of actual, statutory damages, and/or trebled statutory damages; and

e) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: January 25, 2018

                                        Respectfully submitted,

                                        */s/ Scott D. Owens*
                                        Scott D. Owens, Esq.
                                        SCOTT D. OWENS, P.A.
                                        3800 S. Ocean Dr., Ste. 235
                                        Hollywood, FL 33019
                                        Tel: 954-589-0588
                                        Email: scott@scottdowens.com
                                        Email: patrick@scottdowens.com
                                        Email: sean@scottdowens.com

Brett L. Lusskin, Jr., Esq.
LAW OFFICE OF BRET LUSSKIN, ESQ.
20803 Biscayne Blvd., Suite 302
Aventura, FL 33180
Tel: (954) 454-5841
Email: blusskin@lusskinlaw.com

Manuel Santiago Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Blvd. Ste 1400
Fort Lauderdale, FL 33394
Tel: 954-400-4713
Email: mhiraldo@hiraldolaw.com

Seth Michael Lehrman, Esq.
EDWARDS POTTINGER LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Tel: 954-524-2820
Email: seth@epllc.com

*Attorneys for Plaintiff Scott Foster*